## Thomas W. Harrington *vs.* Herman Hindenlang & others.

Suffolk.     November 21, 1916. — June 1, 1917.

Present: Rugg, C. J., Loring, De Courcy, Crosby, & Carroll, JJ.

*Contract*, Construction, Of employment. *Practice, Civil*, Conduct of trial: requests and rulings, judge's charge; Exceptions.

Where, at the trial of an action of contract for an amount alleged to be due under a contract by which a firm of real estate operators employed the plaintiff as a salesman, there is evidence tending to show that the plaintiff was to receive, besides a stipulated amount weekly, one per cent "commission on the sale price of all property owned by them [the employers] which was sold while he was employed by them" irrespective of whether such sale was brought about by his efforts, and that during his employment certain of their property was sold, it cannot be ruled as a matter of law that the plaintiff is not entitled to recover one per cent of the sale price.

At the trial of the action above described, it appeared that an agreement for the sale was executed while the contract of employment was in force, but that when the conveyance was made different arrangements between the plaintiff and the defendants were in force, and the defendant asked for and the judge refused to make a ruling that "The signing of the agreement . . . did not constitute a sale."   There was evidence that agreements for sale like the one in question had been treated by the plaintiff and the defendants as sales, and

that adjustments of amounts due to the plaintiff had been made on the basis that they were sales. *Held,* that the ruling requested by the defendant was refused rightly, as the question, whether the agreement as to the sale was a sale of the property within the provisions of the agreement of employment, was for the jury.

For the same reason, it was *held,* that an instruction to the jury that "the agreement to buy and sell as set forth . . . was a sale of the property, and that if the agreement between the parties was that the defendants should pay the plaintiff one per cent on all sales made, then he was entitled to recover one per cent on the sale of the . . . property" was erroneous and prejudicial to the defendant.

By an exception, stated to be to a refusal of a judge presiding at a trial to make certain "rulings as requested, and to all parts of the charge which were inconsistent with the requests for rulings," without further specifications, an exception properly is saved to an instruction to the jury contrary to a ruling asked for by the excepting party.

CONTRACT for $1,500 against the defendants as "Trustees of the Securities Real Estate Trust," upon an account annexed, the items of which are described in the opinion. Writ dated March 30, 1915.

In the Superior Court the action was tried before *Hall,* J. The instrument, referred to in the opinion as "Exhibit 2," was an agreement to sell and convey twelve days after its date the premises described therein. Other material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. The plaintiff is not entitled to recover on item one of the declaration."

"3. The signing of the agreement to buy and sell the Karlstein property did not constitute a sale of the same."

The rulings were refused. The defendants excepted to the refusal "to grant the rulings as requested, and to all parts of the charge which were inconsistent with the requests for rulings." The jury found for the plaintiff in the sum of $452 and interest; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. F. McDonald & J. M. Graham,* for the defendants.

*J. E. Crowley,* for the plaintiff.

CARROLL, J. The plaintiff was a salesman in the employ of the defendants, who were engaged in the business of developing and selling real estate. He was paid $30.07 per week and one per cent "commission on the sale price of all property owned by them

which was sold while he was employed by them." He also claimed the further sum of $500 as a "bonus" if one half of the Karlstein property, owned by the plaintiff, was sold, and $1,000 if the whole was sold, during the first year of his employment. He began work November 1, 1912.

The defendants admitted that on January 11, 1913, an agreement in writing was made to sell the Karlstein property (Exhibit 2) and that the deed was delivered January 23, 1913. They contended that while the plaintiff was to receive a commission on sales of all property owned by them, he was to recover no commission or bonus upon the sale of the Karlstein property.

The first item in the account annexed to the plaintiff's declaration is for one per cent commission amounting to $500; the second item is for $1,000, the bonus claimed. The jury found for the plaintiff on the first item, for $452 and interest, this being one per cent of the amount of the sale of the Karlstein property. The defendants excepted to the refusal to give certain requests, and to all parts of the charge inconsistent with these requests.

There was evidence that the commission was to be paid the plaintiff if the sales were made, even if they were not brought about by his efforts. And it was admitted that the Karlstein property had been sold. The first request properly was refused.

The defendants' third request that "The signing of the agreement to buy and sell the Karlstein property did not constitute a sale of the same," was refused. The plaintiff's testimony showed that agreements like the one in question had been treated by the parties as sales. The plaintiff was not an ordinary broker who was to secure a customer in order to earn his compensation. He testified that on January 18, 1913, he was informed by the defendants that the Karlstein property had been sold and "a new working basis was arranged . . . whereby after that date he was paid commissions on all sales made by him;" that "he continued to work on the new basis until March, 1913, when he ceased to be in their employ; that during the period from November 1, 1912, to January 18, 1913, while he was working on the basis of $30.07 per week and one per cent commission on all sales, numerous sales were made on which he was paid his commission; that all sales so made were made upon agreements to buy and sell,

payment under which agreements were made at later periods on a monthly payment plan, and that commissions were paid to him as the amounts payable under agreements for purchase were paid to the defendants, and such commissions were so paid during the time he was in the defendants' employ after January 18, 1913, and for a considerable period after he had ceased to be in their employ." It was a question for the jury whether the contract to "buy and sell the Karlstein property" was a sale, and the third request properly was refused.

The judge instructed the jury that "the agreement to buy and sell as set forth in Exhibit 2 was a sale of the property, and that if the agreement between the parties was that the defendants should pay the plaintiff one per cent on all sales made, then he was entitled to recover one per cent on the sale of the Karlstein property." The agreement to buy and sell set forth in the exhibit was not as matter of law a sale. It was for the jury to decide whether it was or was not a sale within the contract between the plaintiff and the defendants. The instruction given directed the jury, as matter of law, that the agreement to buy and sell was an actual sale. That was wrong, and the defendants' exception to it must be sustained.

By making the request and excepting to that part of the charge which was inconsistent with the request asked for, an exception was properly saved to the instruction given. *Ellis* v. *Block*, 187 Mass. 408, 414.

*Exceptions sustained.*